NY2d 827). Plaintiff attempts to raise a triable question of fact by alleging that the horse was "unsuitable" and "too much of a horse" for her to ride; however, it is clear that the alleged dangerous propensities of the horse played no part in causing the accident. Further, we reject plaintiff's claim of "inherent compulsion" *(Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658; *see, Maddox v City of New York, supra,* at 279). Assuming, arguendo, that Hawkes was a "superior", plaintiff cannot show " 'an economic compulsion or other circumstance which equally impel[led]' compliance with" Hawkes' direction *(Benitez v New York City Bd. of Educ., supra,* at 658; *see, Maddox v City of New York, supra).* (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.

■ EDWARD JOY CO., INC., Respondent, v McGUIRE & BENNETT, INC., Appellant. (Appeal No. 1.) [608 NYS2d 134] —Appeal unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Change of Venue.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.

■ EDWARD JOY CO., INC., Respondent, v McGUIRE & BENNETT, INC., Appellant. (Appeal No. 2.) [608 NYS2d 26] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court abused its discretion in severing plaintiff's mechanic's lien cause of action from the breach of contract causes of action and in denying defendant's motion for a change of venue with respect to the related causes of action for breach of contract. Because a mechanic's lien is an encumbrance on real property *(see, Matter of Niagara Venture v Sicoli & Massaro,* 77 NY2d 175, 180), an action to foreclose such lien must be brought in the county in which the real property is located *(see,* CPLR 507; *Reichenbach v Corn Exch. Bank Trust Co.,* 249 App Div 539, 541). Thus, the court properly granted plaintiff's motion for a change of venue on the cause of action to foreclose the mechanic's lien on the real property *(see, Sambur v Fidelity & Deposit Co.,* 46 NYS2d 370, 373; *see also, Warriner Smith Util. v Intercoast Ellenville Assocs.,* 85 Misc 2d 495, 496).

Because the same facts and law underlie plaintiff's breach of